## Commonwealth v. Shields.

*Highway patrol—Liability of, for costs of prosecution—Public officer— Act of May 24, 1923.*

1. A member of the road patrol, appointed under the provisions of the Act of May 24, 1923, P. L. 425, is not entitled as a public officer to protection against the imposition of the costs of a criminal prosecution upon him as prosecutor by a jury.

2. In this case, however, the jury, having divided the costs of a criminal prosecution between such road patrolman, as prosecutor, and the defendant, did not consider the defendant free from blame. It was, therefore, proper for the prosecutor to bring the complaint as an individual, and the imposition of costs upon him should be stricken off.

Rule to strike off imposition of one-half of costs on E. S. Grimm. Q. S. Lancaster Co.

*Paul A. Mueller and John M. Groff,* for rule; *Charles W. Eaby,* contra.

LANDIS, P. J., March 27, 1926.—In this case, the defendant, Jay Shields, was indicted for involuntary manslaughter and upon a trial he was found not guilty and the "costs divided between E. S. Grimm, prosecutor, and defendant." Grimm is a member of the road patrol and he has now presented his petition, alleging that he is a public officer, that the prosecution was brought in good faith and that so much of the verdict as imposes costs upon him should, therefore, be set aside.

Section 13 of the Act of May 24, 1923, P. L. 425, authorizes the State Highway Commissioner, in order that he may "effectually carry on the work of the State Highway Department, as described in the Act of Assembly approved May 31, 1911, known as the State Highway Act, and the amendments thereto, and to carry out and enforce the provisions of this act and amendments thereto, including the penal provisions thereof . . . to appoint such employees as in his discretion are necessary." It is by this authority that Grimm was appointed. But it is apparent that, by reason of the same, Grimm was not entitled as an officer to make complaint generally for criminal acts not within the scope of these highway acts. Therefore, when he made the present complaint, he did it in his private capacity and not as a public officer and he cannot plead immunity from liability for costs on that account. Such appointees, when they make complaints of this character, take their chances like every one else.

However, I think, under the facts shown upon the trial, he ought not to have been found liable by the jury for any part of the costs. The defendant, Shields, was either guilty or not guilty. The evidence tended strongly to show that his recklessness brought about the death of Walter Armstrong. By imposing part of the costs upon him, the jury showed that they did not believe him to be blameless. Walter Armstrong was not driving the motorcycle, and no fault could be imputed to him. It was proper for some one to bring the complaint, and as an individual Grimm had the right to do so. He did nothing in the matter which rendered him liable to censure. For this reason I think he ought not to be asked to pay the costs, and the rule is, therefore, made absolute.

Rule made absolute.          From George Ross Eshleman, Lancaster, Pa.